7488986

# RETAIL INSTALLMENT CONTRACT

**BUYER(S)**
NAME: CYNTHIA STEEN
NAME: VERNON TAIT
ADDRESS: 4624 CARRILL ST
CITY: MOSS POINTE    STATE: MS    ZIP: 39553

**CREDITOR-SELLER**
NAME: CHUCK STEVENS HYUNDAI
ADDRESS: 513 DELA POINTE DR
CITY: GAUTIER    STATE: MS    ZIP: 39553
ACCOUNT NO.

"You" and "Your" mean each Buyer above, jointly and severally. "Us" and "We" mean Creditor-Seller and Creditor-Seller's assignee. You may buy the Vehicle described below for cash or credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have agreed to buy the Vehicle from Us on credit for the Total Sale Price. You acknowledge delivery and acceptance of the Vehicle in good condition and repair. You promise to pay Us all amounts due under this Retail Installment Contract ("Contract"), including the Total Sale Price, in accordance with the payment schedule shown in the Truth in Lending Disclosures below. You also agree to the terms and conditions below (including the Truth in Lending Disclosures) and on the reverse side of this Contract. The Annual Percentage Rate may be negotiable with Us.

| New or Used | Year and Make | Model and Body Style | Color | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|
| USED | 2003 HUMMER | H2 SW | GRAY | 5GRGN23U43H138509 | 58331 |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost You | Amount Financed The amount of credit provided to You or on Your behalf | Total of Payments The amount You will have paid after You have made all payments as scheduled. | Total Sale Price The total cost of Your purchase on credit, including Your downpayment of $ 7,500.00 is |
|---|---|---|---|---|
| 20.990 % | $ 10,292.88 | $ 21,174.48 | $ 31,467.36 | $ 38,967.36 |

**Payment Schedule:** Your payment schedule will be.

| No. of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 48 | $ 655.57 | 11/09/2008, | and same date of each following month |

**Insurance:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless You sign and agree to pay the additional cost. The term of the insurance shall be the same as the term of Your contract.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | $ N/A | I want credit life insurance _____ Signature of Buyer Requesting Only Life Insurance _____ Signature of Buyer Requesting Only Life Insurance |
| Credit Disability | $ N/A | I want credit disability insurance _____ Signature of Buyer Requesting Life and Disability Insurance |

**Security:** You are giving a security interest in the goods or Vehicle being purchased.
**Late Charge:** If a payment is more than 10 days late, You will be charged $5 or 5% of the payment, whichever is less.
**Prepayment:** If You pay off early, You may be entitled to a refund of part of the Finance Charge.
**Additional Information:** See below and the other side of this Contract for any additional information about nonpayment, default and any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF AMOUNT FINANCED

| 1 | Cash Price (including accessories and improvements to the Vehicle) | | | | $ 24,800.00 (1) |
| 2 | Sales Tax | | | | $ 1,264.98 (2) |
| 3 | Down-Payment Calculation | Cash Down Payment | $ 7,500.00 (A) | | |
| | Trade-In Description | Gross Trade-In | $ N/A (B) | | |
| | Make _____ | Payoff Made by Seller | | | |
| | Model _____ | to $ N/A (C) | $ N/A | | |
| | Net Trade-In (if negative number, insert "0" in line 3(D) and itemize difference in 5(G) below) (B-C) | $ N/A (D) | | | |
| | Total Down Payment | | (A + D) $ 7,500.00 (3) | | |
| 4 | Unpaid Balance of Cash Price (1 + 2 less 3) | | | | $ 18,564.98 (4) |
| 5 | Other Charges Including Amounts Paid to Others on Your Behalf | | | | |
| | (NOTICE: A portion of these charges may be paid to or retained by Us) | | | | |
| | A. Cost of Required Physical Damage Insurance Paid to Insurance Company* | | | $ N/A (A) | |
| | B. Cost of Optional Extended Warranty or Service Contract Paid to _____ | | | $ 1,580.00 (B) | |
| | C. Cost of Optional Credit Life Insurance Paid to Insurance Company* | | | $ N/A (C) | |
| | D. Cost of Optional Credit Disability, Accident and Health Insurance Paid to Insurance Company* | | | $ N/A (D) | |
| | E. Cost of Official Fees for Filing, Recording and Perfecting Security Interest in Vehicle | | | $ 5.00 (E) | |
| | F. Cost of Fees Paid to Public Officials for Certificate of Title, License and Registration | | | $ 5.00 (F) | |
| | Other Charges (Seller must identify who will receive payment and describe purpose)* | | | | |
| | G. to _____ for lien or lease payoff | | | $ N/A (G) | |
| | H. to GAP for Optional GAP Protection | | | $ 420.00 (H) | |
| | I. to CHUCK STEVENS HYUNDAI for DOC FEE | | | $ 499.50 (I) | |
| | Total of Other Charges and Amounts Paid to Others on Your Behalf | | | | $ 2,509.50 (5) |
| 6 | Less Prepaid Finance Charge | | | | $ N/A (6) |
| 7 | Amount Financed - Unpaid Balance (4 + 5 less 6) | | | | $ 21,174.48 (7) |
| 8 | Finance Charge | | | | $ 10,292.88 (8) |
| 9 | Total of Payments - Time Balance (7 + 8) | | | | $ 31,467.36 (9) |

**PROPERTY INSURANCE:** You must insure the Vehicle securing this Contract. You may purchase or provide the insurance through anyone You choose who is reasonably acceptable to Us. The collision coverage deductible may not exceed $500. If You get insurance from or through Us, You will pay $ N/A for N/A of coverage. The premium is as follows:

☐ $ N/A Deductible, Collision Coverage $ N/A
☐ $ N/A Deductible, Comprehensive Coverage $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to purchase an optional extended warranty or service contract as a condition of purchasing this Vehicle on credit, by signing below You are indicating that You voluntarily elect to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the Vehicle and related expenses. Refer to the optional warranty or service contract for details about coverage and duration.

Optional Extended Warranty or Service Contract Price $ 1,580.00    Your Initials _____    Company _____

**GAP PROTECTION:** Optional Guaranteed Auto Protection (GAP) is not required to obtain credit. GAP protection will not be provided under this Contract unless You sign below and agree to pay the additional cost shown below and on line 5H of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of Your choice that is authorized to sell such coverage and is acceptable to Us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If You want GAP protection, sign below.

Cost $ 420.00    Term 48    Provider GAP _____

Buyer's Signature _____ Date 10/10/08    Buyer's Signature _____ Date 10/10/08

**ARBITRATION NOTICE:** PLEASE SEE THE REVERSE SIDE OF THIS CONTRACT FOR INFORMATION REGARDING THE ARBITRATION CLAUSE CONTAINED IN THIS CONTRACT

**ADDITIONAL TERMS AND CONDITIONS:** THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE ARBITRATION CLAUSE SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

**Notice to the Buyer: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract You sign.**

You agree to the terms of this Contract and acknowledge that You have received a copy of this Contract with all blanks filled in and that You have read it and understand it.

Buyer's Signature _____    Buyer's Signature _____
Seller CHUCK STEVENS HYUNDAI    by _____    Title _____

This Contract is signed by the Seller and Buyer(s) hereto this 10 day of OCTOBER, 2008

**NOTICE OF ASSIGNMENT:** The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions set forth on reverse side of this Contract. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPTANCE CORPORATION, 25505 WEST TWELVE MILE ROAD - SUITE 3000, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.

Seller CHUCK STEVENS HYUNDAI    by _____    Title _____

MISSISSIPPI CREDIT ACCEPTANCE CORPORATION (3-07)
© 2007 Credit Acceptance Corporation.
All Rights Reserved.

**EXHIBIT A**

## OTHER IMPORTANT AGREEMENTS

**Security Interest.** You give Us a security interest in: 1) The Vehicle and all parts or goods installed in it; 2) All money or goods received (proceeds) for the Vehicle; 3) All insurance, maintenance, service or other contracts We finance for You; and 4) All proceeds from insurance, maintenance, service or other contracts We finance for You (this includes any refunds of premiums). This secures payment of all You owe on this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. You agree to have the certificate of title show our security interest (lien) in the Vehicle.

**Late Charge.** You promise to make all payments when due. If You fail to make a payment when it is due, You agree to pay Us a late charge as stated on the front of this Contract. You agree that We do not waive any of our rights by accepting one or more late payments from You.

**Bad Check Charge.** If a check, draft or order is given by You to Us is dishonored by Your bank, We may make a separate demand that You pay a service charge of $40.

**Ownership and Risk of Loss.** You promise to pay Us all You owe under this Contract even if the Vehicle is damaged, destroyed or missing.

**Your Other Promises to Us.** You promise that:
- You will not remove the Vehicle from the United States or Canada
- You will not sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without our written permission
- You will not expose the Vehicle to misuse or confiscation
- You will not permit any other lien or security interest to be placed on the Vehicle
- You will preserve and protect the Vehicle and keep it in good condition and repair
- You will not use the Vehicle in a trade or business without our written consent
- You will not use the Vehicle unlawfully or abandon it. If a governmental agency impounds the Vehicle, You will notify Us immediately and regain possession of the Vehicle. We may regain possession of the Vehicle and treat it as a default.
- You will pay all taxes, assessments, rentals, charges, and other fees imposed on the Vehicle when they are due. If We pay any repair bills, storage bills, taxes, fees, or other charges on the Vehicle, You agree to repay the amount to Us.
- You will permit Us to inspect the Vehicle at any reasonable time
- You will promptly sign, or cause others to sign, and give Us any documents We reasonably request to perfect our security interest
- You have not made and will not make an untrue, misleading or incomplete statement in a credit application, this Contract or any information provided in connection with this Contract
- You will promptly provide Us with any additional personal or financial information concerning You or any information about the Vehicle that We may reasonably request from time to time
- You will immediately notify Us if You change Your name or address

**Prepayment.** You have the right to prepay Your account balance early without a penalty. If You prepay in full, You may be entitled to a refund credit of part of the pre-computed finance charge. This credit will be calculated in accordance with the actuarial method. We will apply the credit to the amount You owe Us or if You paid Us more than the amount owed to Us under this Contract, We will refund it to You. We will retain a $10.00 acquisition fee from any refund credit. We will not credit or refund amounts less than $1.00.

If You prepay only a portion of the balance remaining under this Contract, We will apply the prepayment to Your account balance, however a prepayment will not excuse any later scheduled payments. You must still make all scheduled payments on time until Your obligation under this Contract is paid in full. If You make a partial prepayment Your last payment or payments may be less than the scheduled amount due.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Vehicle for the term of this Contract. If You do not have physical damage insurance which covers both the interest of You and Us in the Vehicle, then We may buy it for You. If We do not buy physical damage insurance which covers both interests in the Vehicle, We may, if We decide, buy insurance which covers only our interest.

We are under no obligation to buy any insurance, but may do so if We choose. If We buy either of these coverages, We will let You know what type it is and the charge You must pay. The amount You must pay will be the premium for the insurance and a finance charge at the Annual Percentage Rate shown on the Contract. You agree to pay the amount and finance charge in equal installments along with the payments shown on the Payment Schedule.

If the Vehicle is lost or damaged, You agree that We can use any insurance settlement either to repair the Vehicle or apply to Your account balance. If applied to Your account balance, the insurance settlement proceeds that do not pay Your obligation in full under this Contract will be applied as a partial payment.

**Optional Insurance, Maintenance or Service Contracts.** This Contract may contain charges for optional insurance, maintenance, service or warranty contracts. If the Vehicle is repossessed, You agree that We may claim benefits under these contracts and terminate them to obtain refunds of unearned charges.

**Insurance, Maintenance, Service or Other Contract Charges Returned to Us.** If any charge for required insurance is returned to Us, it may be credited to Your account in accordance with the Prepayment section of this Contract or used to buy similar insurance which covers only our interest in the Vehicle. Any refund on optional insurance, maintenance, service, warranty or other contracts obtained by Us will be credited to Your account in accordance with the Prepayment section of this Contract.

**Default and Acceleration of this Contract.** You will be in default if:
- You fail to pay any amount due under this Contract when it is due
- You break any of Your other promises You made in this Contract
- A proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property

If You are in default of this Contract, We may declare the entire unpaid balance of this Contract due and payable immediately at any time without notice to You, unless We are required by law to provide You with such notice, and subject to any right You may have to reinstate the Contract. In figuring what You owe, We will give You a refund of part of the Finance Charge figured the same as if You had prepaid Your obligation under this Contract in full.

**Repossession of the Vehicle.** If You default, We may take (repossess) the Vehicle from You. To repossess the Vehicle, We can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and the law allows it. Any accessories, equipment or replacements will remain with the Vehicle. You hereby acknowledge and agree that any personal property contained within the Vehicle may be removed and held without liability to Us or our agent. It is Your responsibility to promptly and immediately contact Us to make arrangements for the return of Your personal property. You are responsible for paying all reasonable charges associated with the repossession.

**Getting the Vehicle Back After Repossession.** If We repossess the Vehicle, You have the right to pay to get it back (redeem) at any time before We sell, lease, license or otherwise dispose of any or all of the Vehicle in its present condition or following any commercially reasonable preparation or processing.

**Sale of the Repossessed Vehicle.** Any notice that is required to be given to You of an intended sale or transfer of the Vehicle will be mailed to Your last known address, as reflected in our records, at a reasonable period before the date of the intended sale or transfer (or such other period of time as is required by law). If the Vehicle is sold, We will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of sale will be figured this way: Any late charges and charges for taking, storing and selling the Vehicle, cleaning and advertising etc., and any attorney fees and court costs, if permitted by law, will be subtracted from the selling price.

If You owe Us less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and has also taken a security interest in the Vehicle.

If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of sale and what You owe when We ask for it. If You do not pay this amount when asked, You may also be charged interest at the highest lawful rate until You do pay all You owe to Us.

**Collection Costs.** If We hire an attorney to collect what You owe and the attorney is not our salaried employee, You will pay the attorney's fee set to exceed 15% of the amount actually due and unpaid at the time the balance of the Contract is accelerated and the entire amount thereof is declared to be due, plus court costs.

**Delay in Enforcing Rights and Changes of this Contract.** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, We can extend the time for making some payments without extending others. Any change to the terms of this Contract must be in writing and signed by Us. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**WARRANTIES SELLER DISCLAIMS. YOU UNDERSTAND THAT THE SELLER IS NOT OFFERING ANY EXPRESS WARRANTIES COVERING THE VEHICLE UNLESS THE SELLER EXTENDS A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.**

**THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT MAY BE PROVIDED BY THE VEHICLE MANUFACTURER.**

**USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**Guía para compradores de vehículos usados. La información que se ve en el formulario para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**Interest After Maturity.** You further agree to pay interest at the Annual Percentage Rate stated on the front of this Contract or at the highest rate permitted by applicable law, on any amounts that remain unpaid after maturity of the Contract. For the purposes of this provision, maturity means the earlier of the date Your final payment is due or the date We accelerate the Contract.

**Judgment Rate.** Interest on any judgment awarded on this Contract will be at the Annual Percentage Rate stated on the front of this Contract, or at the highest rate permitted by applicable law.

**Governing Law.** The terms of this Contract are governed by the law of the state of the Seller's address shown on the front of this Contract, except to the extent preempted by applicable federal law.

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### AGREEMENT TO ARBITRATE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in front of a judge and/or jury. In this Arbitration Clause, "we" and "us" mean Seller and/or Seller's Assignee, Credit Acceptance Corporation, or their employees, agents or assignees or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and us. "You" means the Buyer(s). A "Dispute" is any dispute, controversy or claim between You or us arising out of or in any way related to this Contract, or any default under this Contract, or the collection of amounts due under this Contract, or the purchase, sale, delivery, set-up, quality of the Vehicle, or any product or service included in this Contract. "Dispute" includes contract claims, and claims based on tort or any other legal theories. Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes brought later in the lawsuit. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. The arbitrator shall decide whether a particular Dispute is subject to arbitration and any questions as to the enforceability of all or part of this Arbitration Clause. All statutes of limitation which otherwise would apply to an action brought in court will apply in arbitration. The Federal Arbitration Act governs this Arbitration Clause. You and we understand and agree that You and we choose arbitration instead of litigation to resolve Disputes. You and we voluntarily and knowingly waive any right to a jury trial. You and we agree that all Disputes must be resolved on an individual basis through arbitration and that representative actions, such as class actions, are prohibited and regardless of any statements in this Arbitration Clause that state otherwise, the validity and effect of the class action prohibition may only be determined by a court and not by an arbitrator. In the event that there is a conflicting agreement to arbitrate claims or disputes related to the purchase of the Vehicle, whether executed before, at the same time, or after the Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and us.

Notwithstanding the foregoing, we retain the right to repossess the Vehicle upon your default and to exercise any power of sale under this Contract. The institution and maintenance of any action for judicial relief or exercise of self-help remedies shall not waive the right to submit any Dispute to arbitration, including any counterclaim asserted in such action, and including those controversies or claims arising from the exercise of any such judicial relief or the exercise of self-help remedies. If a demand for arbitration of any counterclaim is made, the entire Dispute shall be submitted to binding arbitration pursuant to this Arbitration Clause. If a party requests arbitration under this Contract, the other party shall submit to arbitration any claims or counterclaims which such party may have against the requesting party, whether deemed to be compulsory or permissive in law. The failure to bring such a claim or counterclaim is a waiver of, and bars, the bringing of such a claim or counterclaim in any subsequent arbitration or legal action. You and we agree that if any provision of this Arbitration Clause other than the prohibition against representative or class actions is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the provision found to be invalid or unenforceable shall be inapplicable and deemed omitted, but shall not invalidate the remaining provisions of this Arbitration Clause, and shall not diminish the parties' obligation to arbitrate Disputes subject to this Arbitration Clause.

You or we may elect to arbitrate under the rules and procedures of either the National Arbitration Forum or the American Arbitration Association; however in the event of a conflict between these rules and procedures and the provisions of this Arbitration Clause, You and we agree that this Arbitration Clause governs for that specific conflict. You may obtain the rules and procedures, information on fees and costs (including waiver of the fees), and other materials, and may file a claim by contacting the organization of your choice. The addresses and websites of the organizations are: National Arbitration Forum, P.O. Box 50191, Minneapolis, Minnesota 55405, www.arb-forum.com; and American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York 10017-4605, www.adr.org. We agree for only the first day of arbitration to pay the following fees: (1) the arbitrator's fee; (2) filing fees; (3) Arbitration expenses or costs (including attorney fees) assessed to You that You would not pay if You had brought a Dispute in court; plus (3) any other reasonable expense or cost unique to the arbitration process. We will also pay amounts that the arbitrator determines that, we must pay in order to assure the enforceability of this Arbitration Clause. Arbitration will take place near where You signed this Contract. Notice of the time, date and location shall be provided to the parties under the rules and procedures of the arbitration organization You select.

**Your Right to Reject:** If You don't want this Arbitration Clause to apply, You may reject it by mailing us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice which describes the Contract and tells us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers and cosigners and the envelope that the rejection is sent in has a post mark of 14 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.

It is expressly agreed that this Contract evidences a transaction in interstate commerce. The Arbitration Clause is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. seq. ("FAA") and not by any state arbitration law.

### ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract, and in and to the Vehicle described herein, to CREDIT ACCEPTANCE CORPORATION ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof. Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract. In order to induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

MASCAP04 CREDIT ACCEPTANCE CORPORATION (5.07)
© 2007 Credit Acceptance Corporation.